UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | Criminal No.  13-cr- |
| v. | : | Offenses: |
| **ANTHONY HAMID ASHTIANI, aka TONY ASHTIANI** | : | 31 U.S.C. § 5324(a)(3), 31 C.F.R. § 1010.314(c) (Structuring Transactions to Evade Reporting Requirements of 31 U.S.C. § 5313(a)) |
| **Defendant.** | : | 31 U.S.C. § 5324(c)(1) (Failing to File Report to Evade Reporting Requirements of 31 U.S.C. § 5316) |
| | : | Forfeiture: 31 U.S.C. § 5317(c)(1), 21 U.S.C. § 853(p) |

## INFORMATION

The United States Attorney charges that:

At all times material to this Information:

1. Anthony Hamid Ashtiani, also known as Tony Ashtiani, conducted financial transactions at banks located within the District of Columbia. In or around August 2010, Ashtiani travelled from the United States to Iran. On or about August 22, 2010, Ashtiani returned to the United States.

## APPLICABLE LAWS AND REGULATIONS

### Structuring

2. Title 31, United States Code, Section 5313(a), and 31 C.F.R. § 1010.311 require a domestic financial institution to file a Currency Transaction Report ("CTR") with the Secretary of Treasury for all currency transactions, including cash deposits and cash withdrawals, over

$10,000. CTRs are filed with the Financial Crimes Enforcement Network ("FinCEN") of the Department of Treasury.

3. Title 31, United States Code, Section 5324(a)(3) and 31 C.F.R. §1010.314(c) make it illegal for a person to structure or assist in structuring, or attempt to structure or assist in structuring, any transaction with one or more domestic financial institutions for the purpose of evading the reporting requirement in 31 U.S.C. § 5313(a) and 31 C.F.R. § 1010.311. In order to prove a structuring violation, the government must establish that a person: (1) engaged in structuring, (2) with knowledge of the CTR filing requirement, and (3) with intent to evade this requirement. The government does not have to prove that the structured currency is derived from unlawful activity.

4. Title 31, Code of Federal Regulations, Section 1010.100(xx) provides that structuring occurs when a person, acting alone, or in conjunction with, or on behalf of, other persons, conducts or attempts to conduct one or more transactions in currency, in any amount, at one or more financial institutions, on one or more days, in any manner, for the purpose of evading the reporting requirements. "In any manner" includes, but is not limited to, the breaking down of a single sum of currency exceeding $10,000 into smaller sums, including sums at or below $10,000, or the conduct of a transaction, or series of currency transactions at or below $10,000. The transaction or transactions need not exceed the $10,000 reporting threshold at any single financial institution on any single day in order to constitute structuring.

### Failure to File a CMIR

5. Title 31, United States Code, Section 5316(a)(1)(B) provides that a person shall file a report when the person knowingly transports, is about to transport, or has transported, monetary instruments of more than $10,000 at one time to a place in the United States from or

through a place outside the United States. The report is an "International Transportation of Currency or Monetary Instrument Report" ("CMIR"). CMIRs are filed with FinCEN.

6. Title 31, United States Code, Section 5324(c)(1) provides that no person shall, for the purpose of evading the reporting requirement of 31 U.S.C. § 5316, fail to file a report required by section 5316 or attempt to cause a person to fail to file such a report.

7. In order to prove a violation of section 5324(c), the Government must establish that a person (1) knowingly transports, is about to transport, or has transported more than $10,000 in cash over the United States border; (2) knows of the reporting requirement in section 5316(a); and (3) intentionally evades the reporting requirement.

## COUNT ONE

8. On or about the dates set forth below, in the District of Columbia, the defendant did knowingly and for the purpose of evading the reporting requirements of 31 U.S.C. § 5313(a), and any regulation prescribed under section 5313(a), structure and assist in structuring, and attempt to structure and assist in structuring, the following transactions in United States currency with a domestic financial institution:

| Date | Transaction | Amount | Financial Institution | Account Number |
|---|---|---|---|---|
| 12/12/2011 | Cash Deposit | $4,800.00 | NASA Federal Credit Union | XXXXXX1160 |
| 12/13/2011 | Cash Deposit | $500.00 | NASA Federal Credit Union | XXXXXX1160 |
| 12/13/2011 | Cash Deposit | $3,100.00 | NASA Federal Credit Union | XXXXXX1160 |
| 12/14/2011 | Cash Deposit | $4,500.00 | NASA Federal Credit Union | XXXXXX1160 |
| 12/16/2011 | Cash Deposit | $4,700.00 | NASA Federal Credit Union | XXXXXX1160 |
| 12/19/2011 | Cash Deposit | $4,100.00 | NASA Federal Credit Union | XXXXXX1160 |
| 12/20/2011 | Cash Deposit | $4,500.00 | NASA Federal Credit Union | XXXXXX1160 |

| 12/21/2011 | Cash Deposit | $3,785.36 | NASA Federal Credit Union | XXXXXX1160 |
| 12/23/2011 | Cash Deposit | $807.00 | NASA Federal Credit Union | XXXXXX1160 |
| 12/28/2011 | Cash Deposit | $2,300.00 | NASA Federal Credit Union | XXXXXX1160 |
| 12/29/2011 | Cash Deposit | $4,497.00 | NASA Federal Credit Union | XXXXXX1160 |

**(Structuring Transactions to Evade Reporting Requirements of Title 31, United States Code, Section 5313, in violation of Title 31, United States Code, Section 5324(a)(3), and Title 31, Code of Federal Regulations, Section 1010.314(c))**

### COUNT TWO

9. On or about August 22, 2010, in the Central District of California, the defendant did knowingly and for the purpose of evading the reporting requirements of 31 U.S.C. § 5316, fail to file a report required by section 5316, and cause and attempt to cause a person to fail to file such a report when he transported approximately $22,000 in United States currency, at one time to a place in the United States from or through a place outside the United States, to wit, from Iran to Los Angeles, California.

**(Failing to File Report to Evade Reporting Requirements of Title 31, United States Code, Section 5316, in violation of Title 31, United States Code, Section 5324(c)(1))**

### FORFEITURE ALLEGATION

10. Upon conviction of the offense alleged in Count One or the offense alleged in Count Two, the defendant shall forfeit to the United States all property, real or personal, involved in the offense, and any property traceable thereto, pursuant to 31 U.S.C. § 5317(c). The United States will seek a forfeiture money judgment totaling $59,589.36 for the offenses in Count One and Count Two.

11. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

  b.  has been transferred or sold to, or deposited with, a third party;

  c.  has been placed beyond the jurisdiction of the Court;

  d.  has been substantially diminished in value; or

  e.  has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

**(Criminal Forfeiture, pursuant to Title 31, United States Code, Section 5317(c)(1) and Title 21, United States Code, Section 853(p))**

RONALD C. MACHEN JR.
UNITED STATES ATTORNEY

BY: _____
Anthony Saler
Assistant United States Attorney
D.C. Bar No. 448254
555 4th Street, N.W., Room 4816
Washington, D.C. 20530
(202) 252-6971
Anthony.saler@usdoj.gov